2026 IL App (2d) 250330-U
No. 2-25-0330
Order filed August 12, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

ALVARO MENDOZA, Plaintiff-Appellant,

v.

VALERIE HERZOG, Defendant-Appellee.

Appeal from the Circuit Court of Lake County.
Honorable Jorge L. Ortiz, Judge, Presiding.
No. 24-LA-678

JUSTICE McLAREN delivered the judgment of the court.
Justice Birkett concurred in the judgment.
Presiding Justice Kennedy dissented.

**ORDER**

¶ 1   *Held*:  Plaintiff, whose complaint was filed beyond the limitations period after the circuit court clerk rejected it for various reasons, forfeited his argument that the clerk's reasons were not sufficient.  The trial court did not abuse its discretion in finding that plaintiff failed to present good cause for backdating his complaint, given his six-month delay in seeking such relief, which the court inferred was due to plaintiff's mistaken belief that the complaint was timely filed.

¶ 2   Plaintiff, Alvaro Mendoza, appeals from an order of the circuit court of Lake County granting the motion of defendant, Valerie Herzog, to dismiss plaintiff's personal injury complaint under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)).  On appeal, plaintiff argues that the trial court abused its discretion when it refused to backdate his complaint *nunc pro tunc* because it determined that plaintiff failed to demonstrate good cause as

required by the version of Illinois Supreme Court Rule 9(d)(2) (eff. Sept. 1, 2024) in effect when the complaint was filed. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff and defendant were involved in a motor vehicle collision on September 12, 2022. Plaintiff, by counsel, attempted to electronically file his complaint at 4:50 p.m. on Thursday, September 12, 2024. On September 13, 2024, the complaint was rejected by the clerk's office of the circuit court of Lake County for four reasons: (1) the case caption listed Cook County rather than Lake County; (2) the address listed for plaintiff's attorney did not match the address on file with the Lake County circuit clerk's office; (3) the filing included a jury demand, which should have been filed separately; and (4) the filing included a civil action cover sheet, which, according to the clerk, was "no longer required nor accepted." Plaintiff acknowledges that, in addition to any flaws identified by the clerk's office, the complaint filed on September 12, 2024, erroneously indicated that the collision occurred on September 15, 2022.

¶ 5      The same day as the rejection, plaintiff corrected the four problems identified by the clerk's office and resubmitted the complaint. This filing was also rejected by the clerk's office, with a note saying, "Case [s]ubmitted twice." Plaintiff filed the complaint for a third time on Monday, September 16, 2024, and this filing was accepted. Plaintiff acknowledges that this third filing was attempted after the limitations period expired on September 12, 2024. Plaintiff further acknowledges that the accepted version of the complaint again incorrectly listed the date of the collision as September 15, 2022.

¶ 6      On February 21, 2025, defendant moved to dismiss the complaint with prejudice under (1) section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2022)), based on the expired limitations period; and (2) section 2-619(a)(9) (*id.* § 2-619(a)(9)), based on the incorrect date of

the accident. In plaintiff's response, filed March 26, 2025, he argued for the first time that his complaint, which was filed more than six months earlier, should be backdated to September 12, 2024, according to the version of Rule 9(d)(2) in effect when he filed his complaint. See Ill. S. Ct. R. 9(d)(2) (eff. Sept. 1, 2024) ("If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown."). Plaintiff asserted that good cause existed to excuse the late filing because the complaint was rejected based solely on "non-substantive, technical reasons" and "[n]o inexcusable delay or prejudice exist[ed]." Plaintiff further asserted that "the delay was caused not by the [p]laintiff's conduct but by clerk rejection for correctable technicalities."

¶ 7    In reply, defendant noted that the accepted complaint erroneously stated that the accident occurred on September 15, 2022. Therefore, according to defendant, plaintiff's good-cause argument was "misplaced because a technical issue did not preclude him from timely filing his [c]omplaint." "Rather, it was the [p]laintiff's mistaken belief that the accident occurred on September 15, 2022, and his careless disregard for local filing rules that caused him to file his [c]omplaint after the applicable two (2) year statute of limitations." Defendant went on to explain that plaintiff misconstrued the type of "technical" errors for which Illinois Supreme Court Rule 9(e) (eff. Sept. 1, 2024) might provide relief:

"Rule 9(e) distinguishes between a 'technical' error caused by the party that results on [*sic*] a filing being rejected and a 'technical' issue with the Court's e-filing system. Supreme Court Rule 9(e) states:

'the filer is responsible for the accuracy of data entered in an approved electronic filing system and the accuracy of the content of any document submitted for

electronic filing. The court and the clerk of court are not required to ensure the accuracy of such data and content.' "

Defendant concluded that, under the circumstances, plaintiff could not establish good cause as required by Rule 9(d)(2).

¶ 8 On April 22, 2025, the trial court held a hearing on the motion to dismiss and then granted the motion "for the reasons set forth in the [d]efendant's written briefs." Although the order stated that the court had been "advised in the premises," the record contains no transcript or other acceptable report of the proceedings for the hearing. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). Nonetheless, the court's basis and rationale for its decision are readily discernible from the record: the court's order incorporates defendant's written briefs in their entirety in its decision.

¶ 9 Plaintiff filed a motion to reconsider. The motion was briefed, and a hearing was held on July 22, 2025. At the hearing, plaintiff argued that the trial court erred by finding that plaintiff failed to establish good cause under the version of Rule 9(d)(2) in effect when he filed his complaint. Plaintiff also argued that the court should give some weight to public policy considerations, noting that the supreme court had since revised Rule 9 to eliminate the good-cause requirement. See Ill. S. Ct. R. 9, Committee Comments (rev. May 21, 2025) ("The May 21, 2025, amendment to Rule 9(d) replaces the 'good cause' standard for seeking relief from the effects of rejection of an electronic filing on the timeliness of the document. The rule now provides that the trial court 'shall' grant a motion seeking to establish an earlier effective filing date if the relevant requirements are met."). However, plaintiff did not urge the court to retroactively apply the latest version of Rule 9; rather, plaintiff stated that, "based on the totality of the circumstances, taken in conjunction with what the Illinois Supreme Court seems to be telling us, this seems to be good cause." In response, defendant emphasized that the incorrect date listed in the complaint

- 4 -

represented a substantive mistake rather than a typographical error, and that plaintiff admitted as much during the oral argument on the motion to dismiss.

¶ 10 Following the arguments of the parties, the trial court explained its decision to deny the motion:

"Well, the [c]ourt has again considered the parties' written submissions, in addition to the arguments of counsel. The [c]ourt, being fully advised on the premises, rules as follows:

The motion to reconsider was filed on the basis that the [c]ourt committed an error in its application of the law when it ruled in granting the motion to dismiss. And the [c]ourt finds, first of all, that the version of Supreme Court Rule 9 in effect did contain a good cause requirement. ***.

The complaint originally filed alleged that the date of the accident was September 15th. And the fact is, that the complaint was not accepted until September 16th. And we're talking about 2024. So the complaint was accepted September 16th. But there was no action taken at all, no motion filed requesting relief from the [c]ourt. And *** that supports the argument that the plaintiff's attorney was under the mistaken belief that the accident occurred on the 15th and that there was no statute of limitations problem, because the complaint was accepted on the 16th, which was a Monday; and thus was timely filed. So that explains why there was no action taken for six months, not until a motion to dismiss was filed.

So good cause, what good cause was there? There was no good cause presented to the [c]ourt for six months, not until after, again, there was a motion to dismiss filed.

***

***.  Had a motion been filed within a reasonable amount of time, the [c]ourt, quite frankly, probably would have granted relief.  But here, nothing happened.

And so it's not an error in the [c]ourt's application of the law.  It was an error in counsel's failure to file the complaint within the statute of limitations.  It was an error in believing that the accident occurred on September 15th.  When, in reality, everyone agrees it occurred on September 12th.

* * *

The [c]ourt is not unsympathetic.  Believe me, I'm sympathetic.  As I said, I prefer to see these cases resolved on the merits.  I'm glad that Rule 9 has been amended.  That's going to hopefully eliminate these types of situations.  But under the circumstances here in this case, the [c]ourt in its discretion is declining to grant the relief requested under Rule 9, because the [c]ourt finds that there is no proper basis for such relief under either version of Rule 9.  ***.

So for those reasons, the [c]ourt is denying the motion to reconsider."

This timely appeal followed.

¶ 11                                   II. ANALYSIS

¶ 12     On appeal, plaintiff argues (1) that the trial court erred in finding that plaintiff failed to show good cause as required by the version of Rule 9(d)(2) in effect when plaintiff filed his complaint, and (2) that plaintiff should be allowed, under the relation-back doctrine, to correct the date of the occurrence in the timely filed complaint.  In response, defendant argues that the trial court did not err in its application of Rule 9(d)(2).  Both parties agree that a timely filed complaint is a prerequisite to the application of the relation-back doctrine.  See *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 20 ("The relation back statute permits an amended

- 6 -

pleading to relate back to the date of the original pleading if the original pleading was timely and the amendment grew out of the same transaction or occurrence set up in the original pleading.").

¶ 13    As noted by plaintiff, Rule 9 has been revised numerous times in the past few years. The version of Rule 9 in place when plaintiff filed his complaint went into effect on September 1, 2024. See Ill. S. Ct. R. 9 (eff. Sept. 1, 2024). As relevant here, paragraph (d)(2) stated, "If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." See Ill. S. Ct. R. 9(d)(2) (eff. Sept. 1, 2024). And paragraph (f) provided that "[d]ocuments filed electronically may be rejected by the clerk as authorized by the Electronic Filing Rejection Standards for circuit courts and courts of review, as published on the illinoiscourts.gov website." Ill. S. Ct. R. 9(f) (eff. Sept. 1, 2024). The Electronic Filing Rejection Standards (Standards) set forth a list of 22 specific bases on which circuit court clerks were authorized to reject filings:

> (1) "Failure to pay correct fee, include waiver application, or file an appearance."

> (2) "Personal identity information or social security number not redacted."

> (3) "Document submitted as 'Confidential' (without a court order or basis in law)."

> (4) "Documents submitted to the wrong court (incorrect county/circuit/appellate district)."

> (5) "Incorrect case number/case caption (title)."

> (6) "Missing contact information for attorney or self-represented litigant."

> (7) "Incorrect or missing court date on document."

> (8) "Illegible, unreadable, or completely blank document."

> (9) "Document is not 8.5 x 11."

> (10) "Unflattened PDF."

(11) "Multiple documents submitted as one PDF."

(12) "Single document submitted as multiple PDFs."

(13) "Document submitted as an attachment when it should be a lead document."

(14) "Document submitted as an exhibit in a different transaction or envelope."

(15) "Documents for different cases submitted in the same envelope/transaction."

(16) "Missing required information in summons or notice."

(17) *"Local rule requirement."*

(18) "Filer's request."

(19) "Judge's request."

(20) "Rejection by clerk (see comments)."

(21) "File failed virus scan [NOT FOR CLERK USE]."

(22) "EFM System Error." (Emphasis added.) *Electronic Filing Rejection Standards Circuit Courts*, Ill. Sup. Ct. (eff. Sept. 1, 2024), https://ilcourtsaudio.blob. core.windows.net/antilles-resources/resources/44154505-ae47-43f5-ad2c-542ef24d39fc/ Circuit_Court_eFiling_Rejection_Standards.pdf [https://perma.cc/T4SG-9GFP] (last visited Aug. 4, 2026).

¶ 14 Generally, we review *de novo* a dismissal under section 2-619. *Hites v. Waubonsee Community College*, 2018 IL App (2d) 170617, ¶ 50. However, we apply an abuse of discretion standard if the issue underlying the dismissal is one that called for the trial court to exercise its discretion. See *Seymour v. Collins*, 2015 IL 118432, ¶ 48. Our supreme court has explained that, when determining whether to grant relief under the version of Rule 9 requiring good cause, "[t]he circuit court is vested with 'sound discretion' in determining whether 'good cause' has been shown." *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corp.*, 2024 IL 129277,

¶ 15 (quoting *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 353 (2007)). Therefore, when a trial court finds that a movant failed to show good cause under Rule 9(d)(2), we review that ruling for an abuse of discretion.[1] *Kilpatrick v. Baxter Healthcare Corp.*, 2023 IL App (2d) 230088, ¶ 15. This is "the most deferential standard of review—next to no review at all." *In re D.T.*, 212 Ill. 2d 347, 356 (2004). Reviewing a decision "for abuse of discretion is proper when the trial court *** must, for lack of a better phrase, make a judgment call." *People v. Chambers*, 2016 IL 117911, ¶ 75. Thus, "[t]he question is not whether the reviewing court would have made the same decision if it were acting as the trial court." *People v. Peterson*, 2017 IL 120331, ¶ 125. "Rather, the question is whether the trial court's decision is 'arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it.' " *Id.* (quoting *People v. McDonald*, 2016 IL 118882, ¶ 32).

¶ 15     The applicable version of Rule 9(d)(2) does not limit the time in which the filing party may seek relief; however, "[t]he broad language of Rule 9(d)(2) indicates that a court must consider the totality of the circumstances in assessing good cause." *Kilpatrick*, 2023 IL App (2d) 230088, ¶ 14. And reviewing courts have held that "the timing of the request for relief is clearly a circumstance the court can consider in addressing whether [the] plaintiff has shown good cause." *Miller v. Thom*,

---

[1]We acknowledge that this court recently reviewed *de novo* the question of whether the Lake County circuit court clerk's office properly rejected a complaint. See *Skarbek v. Woodman's Food Market, Inc.*, 2026 IL App (2d) 250054, ¶ 26. We applied the *de novo* standard in *Skarbek* because the issue required interpreting supreme court rules to determine if they authorized a circuit clerk to reject a complaint simply because it did not attach an affidavit of damages under Illinois Supreme Court Rule 222 (eff. Jan. 1, 2011). *Skarbek*, 2026 IL App (2d) 250054, ¶¶ 26-44. We addressed that question in isolation from the good-cause issue and, in fact, did not reach the latter. *Id.* ¶ 45. Here, no issue of rule construction presents itself.

2023 IL App (4th) 220429, ¶¶ 26-27 (citing cases). These courts recognize that a plaintiff may not remain passive after the clerk accepts an untimely complaint but must proactively seek relief under Rule 9(d)(2). See *id.*

¶ 16    Thus, in this case, the trial court was called upon to exercise its discretion to determine whether good cause existed, in light of the totality of the circumstances surrounding plaintiff's request for relief under Rule 9(d)(2). In the court's order granting the motion to dismiss, it stated that its decision was based on the reasons set forth in defendant's written briefs. As noted above, defendant asserted in her reply brief below that no good cause for relief under Rule 9(d)(2) existed because it was "[p]laintiff's mistaken belief that the accident occurred on September 15, 2022, and *his careless disregard for local filing rules that caused him to file his [c]omplaint after the applicable two (2) year statute of limitations*." (Emphasis added.) Clearly, the trial court rejected plaintiff's argument that "the delay was caused not by the [p]laintiff's conduct but by clerk rejection for correctable technicalities," and—perhaps more to the point—the court adopted defendant's view that plaintiff misconstrued the type of relief contemplated by Rule 9(d)(2). In fact, circuit court clerks are authorized to reject filings for any of the reasons listed in the Standards, many of which could be characterized as "correctable technicalities."

¶ 17    As we explained in *Kilpatrick*, 2023 IL App (2d) 230088, ¶ 23, a trial court may, in its discretion and in light of the totality of the circumstances, conclude that no good cause exists to grant relief under Rule 9(d)(2) when a filing is rejected due to an entirely avoidable attorney error rather than an error that can be attributed to an imperfection in the e-filing system. Here, because the trial court's order granting the motion to dismiss incorporated defendant's briefs on the motion, we infer that the trial court found that the complaint was initially rejected based on plaintiff's "careless disregard for local filing rules." On appeal, plaintiff seems to concede that, under the

Standards in effect in September 2024, a violation of a local rule was a valid reason for a clerk to reject a complaint. However, he flatly states, without elaboration:

> "None of the twenty-two bases for rejection enumerated in the Electronic Filing Rejection Standards are applicable to the four reasons the clerk rejected [p]laintiff's complaint in this matter, with the exception of a 'catch-all' provision which should be used 'in rare circumstances only when none of the above specified reasons are applicable.' [Citation.] Thus, under Rule 9 as in effect on September 12, 2024, the filing was wrongly rejected by the clerk, as the clerk was not authorized to make such a rejection under Rule 9(f)."[2]

He also asserts that his "original filing violated no applicable local rule." Plaintiff makes no attempt to explain to this court why the trial court found that the filing violated local rules or why that finding was in error—and the record that plaintiff filed in this appeal, such as it is, sheds no light on the matter.

¶ 18    In her response brief, defendant argues that the clerk had four legitimate reasons for rejecting the filing, explaining how each reason listed is arguably supported by one of the Standards and how the complaint violated the local rules of the circuit court of Lake County. Although plaintiff attempts to rebut these points in his reply brief, his arguments have been forfeited because he did not raise them in his opening brief. Points lacking argument or supporting citations "do not merit consideration on appeal." *Hall v. Naper Gold Hospitality LLC*, 2012 IL

---

[2]Plaintiff quotes here from the comments to, as he terms it, the " 'catch-all' " rejection basis: "Rejection by clerk." *Electronic Filing Rejection Standards Circuit Courts*, Ill. Sup. Ct. (eff. Sept. 1, 2024) https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/44154505-ae47-43f5-ad2c-542ef24d39fc/Circuit_Court_eFiling_Rejection_Standards.pdf [https://perma.cc/T4SG-9GFP] (last visited Aug. 4, 2026).

App (2d) 111151, ¶ 12; see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Because plaintiff has forfeited the argument, we must presume that the complaint filed on September 12, 2024, was rejected due to violations of local filing rules, which amount to avoidable attorney errors. And, as explained above, the supreme court has authorized clerks to reject a filing when it violates a local rule requirement.

¶ 19    We acknowledge that, in this case, it appears that the clerk's office failed to employ the supreme court's "suggested rejection comment" for violation of a local rule requirement. For instance, the comment "attorney address does not match what we have in our system" should instead read: "The document does not meet the requirements of Local Rule 1-2.11." *Electronic Filing Rejection Standards Circuit Courts*, Ill. Sup. Ct. (eff. Sept. 1, 2024), https:/ /ilcourtsaudio. blob.core.windows.net/antilles-resources/resources/44154505-ae47-43f5-ad2c-542ef24d39fc/ Circuit_Court_eFiling_Rejection_Standards.pdf [https://perma.cc/T4SG-9GFP] (last visited Aug. 4, 2026). However, because the supreme court is clearly proposing *suggested* comments, the rejection is nonetheless authorized by the supreme court.

¶ 20    We turn next to the question of good cause. The trial court determined that no good cause existed, finding that plaintiff had mistakenly believed that the accident occurred on September 15, 2022, and therefore concluded that the complaint was timely when it was successfully filed on Monday, September 16, 2024. Plaintiff argues that the court's statement that it, "quite frankly, probably would have granted relief" had plaintiff filed a Rule 9(d)(2) motion within a reasonable amount of time showed that it erroneously "read a timing requirement into the good cause requirement." However, as noted above, courts may consider the timing of a request for relief

when assessing the totality of the circumstances relative to good cause. See *Miller*, 2023 IL App (4th) 220429, ¶¶ 26-27 (citing cases).

¶ 21 Here, plaintiff requested relief more than six months after the clerk accepted the complaint, and the trial court determined that plaintiff believed the complaint was timely when the clerk accepted it. The court then concluded that no good cause existed where plaintiff was not aware that the filing was untimely. We cannot find that this conclusion was arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it. Therefore, the court did not abuse its discretion in finding that plaintiff failed to show good cause as required by Rule 9(d)(2).

¶ 22                                        III. CONCLUSION

¶ 23 For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 24 Affirmed.

¶ 25 PRESIDING JUSTICE KENNEDY, dissenting.

¶ 26 This case should not have reached good cause analysis, because the circuit clerk's rejection of the complaint lacked any legal authority and was therefore void *ab initio*.[3] Appellant's initial complaint was timely filed and should have been accepted by the circuit clerk. Whatever substantive deficiencies the complaint may have had could then have been raised by the defendant and decided by the court in accordance with the rules of civil procedure, rather than allowing the judicial process to be thwarted by an unauthorized ministerial act by the circuit clerk.

---

[3]As this case involves a dismissal under Section 2-619 and requires interpretation of Illinois Supreme Court Rule 9, our review should ultimately be *de novo*. *Skarbek v. Woodman's Food Market, Inc.*, 2026 IL App (2d) 250054, ¶ 26.

¶ 27    As an initial matter, the majority errs in finding that appellant forfeited this argument because he "did not raise them in his opening brief." *Supra* ¶ 18.  To the contrary, appellant's opening brief spends four paragraphs on this argument, describing limitations imposed by Illinois Supreme Court Rule 9 upon a circuit clerk's authority to reject a filing, explicitly stating, "the clerk was not authorized to make such a rejection under Rule 9(f)."  While appellant included this argument under the section of his opening brief arguing good cause, he nonetheless sufficiently presented the argument and provided supporting citations to authority, thus meriting this court's consideration on the merits.  See Ill. S. Ct. R. 341(h)(7) (requiring that the appellant's brief "contain the contentions of the appellant and the reasons therefor, with citation of the authorities *** relied on"); see also *People v. Quezada*, 2024 IL 128805, ¶ 48 (forfeiture is a limitation on parties, not courts).

¶ 28    The majority also errs in attempting to distinguish our recent decision in *Skarbek v. Woodman's Food Market, Inc.*, 2026 IL App (2d) 250054, ignoring its holding that the circuit clerk in that case lacked "a proper basis for rejecting the complaint," meaning that the complaint was therefore "deemed filed as of the date it was submitted." *Id.* ¶ 1.  That is precisely what occurred here. The majority further overlooks *Skarbek*'s multiple admonitions that: (1) our supreme court rules "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties," (*id.* ¶ 27 (quoting 735 ILCS 5/1-106)); (2) "the supreme court's intent [in Rule 9 was] to restrict a circuit court clerk's authority to reject a filing," (*id.* ¶ 41); and (3) the rules "should favor the resolution of cases on their merits over the dismissal of cases because of nonprejudicial improprieties," (*id.* ¶ 46).

¶ 29    Here, appellant filed his initial complaint on September 12, 2024, the final day of the limitations period. Eleven days earlier, our supreme court had issued "Electronic Filing Rejection

Standards Circuit Courts," listing 22 bases for rejection by a circuit clerk. See *Electronic Filing Rejection Standards Circuit Courts*, Ill. Sup. Ct. (eff. Sept. 1, 2024), https://ilcourtsaudio.\ blob.core.windows.net/antilles-resources/resources/44154505-ae47-43f5-ad2c-542ef24d39fc/ Circuit_Court_eFiling_Rejection_Standards.pdf [https://perma.cc/T4SG-9GFP] (last visited Aug. 4, 2026).[4] None of the supreme court's standards was cited by the clerk as a basis for rejecting the filing in the instant case and none of the reasons the clerk did list are among the supreme court's authorized bases for rejecting a filing.

¶ 30    In fact, some of the reasons listed by the circuit clerk to support its rejection of the filing are directly contrary to the Standards. For example, the first basis for rejection listed by the circuit clerk was "[t]op of document says Cook County." Appellant's mistake was simply listing the incorrect county in the header, which was not repeated anywhere in the body of the complaint. The Standards allow for such a scenario: "If the circuit/county identified in the header is incorrect,

---

[4]Further guidance from our supreme court can be found in the Illinois Supreme Court Commission on Access to Justice publication, "Desk Card: Circuit Clerk Desk Card: SRL E-filing," (ver. November 2025 v.3), available at (https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/1e3631b3-7054-4b39-9d43-a8cbc57fe293/Efiling_Benchcard.pdf [https://perma.cc/Z2R4-H26L] (last visited Aug. 4, 2026). On one side of the card, the "Desk Card," intended for circuit clerks, states, "[r]ejecting an e-filed document should only be done as a last resort and may only be for reasons authorized by the Electronic Filing Rejection Standards for Circuit Courts and Courts of Review. See Supreme Court Rule 9(h)." Similarly, on the other side, the "Bench Card" for judges, the document states, "[c]lerks may only reject an e-filed document for reasons authorized by the [***] Electronic Filing Rejection Standards for Circuit Courts and Courts of Review. See Supreme Court Rule 9(h). Courts may not enter rules or general orders that provide for rejection reasons in addition to or different from the reasons in the standards."

but the case is correctly filed in the correct jurisdiction, the filing should be accepted." (Standards, at page 2, fourth standard[5]).

¶ 31   The circuit clerk also listed "attorney address does not match what we have in our system," which also is not an authorized basis for rejection.  The closest standard says "missing contact information for attorney," which means, of course, *missing*, or completely absent, not merely different from whatever the clerk's prior information may have been.  See *Missing*, Merriam-Webster.com,  https://www.merriam-webster.com/simple/missing  [https://perma.cc/Z4VA-9Y69] (last visited Aug. 4, 2026) ("1: unable to be found; not in a usual or expected place[;] 2: needed or expected but not included[.]").  Whatever the circuit clerk's "system" may have previously listed as the attorney's name, address, email, or phone number (see Ill. S. Ct. R. 131(d) (eff. July 15, 2020)) is irrelevant for purposes of rejecting a filing; the Standards specify that the contact information must be "missing," not that it "does not match what we have in our system."

¶ 32   Because the circuit clerk failed to follow our supreme court's standards as they existed at the time, the rejection of the filing was invalid.  Thus, the complaint was timely filed and the case should have been allowed to proceed.

¶ 33   For the foregoing reasons, I respectfully dissent.

---

[5]The individual standards listed in this edition of the Standards were not numbered.